Michael Zoldan; AZ Bar No. 028128
Jason Barrat; AZ Bar No. 029086
**ZOLDAN LAW GROUP, PLLC**
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Tel & Fax: 480.442.3410
mzoldan@zoldangroup.com
jbarrat@zoldangroup.com

Attorneys for Plaintiffs

# UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| **Shaun Handley**; an Arizona resident; and **Chance McGaughey**; an Arizona resident<br><br>Plaintiffs,<br><br>v.<br><br>**East Valley Golf, LTD. dba Revegetation Services**, an Arizona company; **Kurt Anderson**, an Arizona resident; **Amy Anderson**, an Arizona resident **Jake Anderson,** an Arizona resident; and **Deanna Anderson**, an Arizona resident;<br><br>Defendants. | Case No.<br><br>**VERIFIED COMPLAINT**<br><br>**(Jury Trial Requested)** |

Plaintiffs Shaun Handley and Chance McGaughey, for their Verified Complaint against Defendants East Valley Golf, LTD. dba Revegetation Services ("**Revegetation Services**"), Kurt Anderson, Amy Anderson, Jake Anderson, and Deanna Anderson, hereby allege as follows:

## NATURE OF THE CASE

1. Plaintiffs bring this action against Defendants for their unlawful failure to

pay overtime in violation of the Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (hereinafter "**FLSA**") and failure to make timely and reasonable payment of wages under the Arizona Wage Statute, A.R.S. §§ 23-351, 23-353, and 23-355 ("**Arizona Wage Statute**").

2. This action is brought to recover unpaid overtime wage compensation, liquidated damages, and statutory penalties resulting from Defendants' violations of the FLSA.

3. This action is also brought to recover unpaid wages, treble damages, and statutory penalties resulting from Defendants' violations of the Arizona Wage Statute.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter and the parties hereto pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5. Venue is proper in this District under 28 U.S.C. §§ 1391(b) and (c) because all or a substantial part of the acts or omissions giving rise to the claims occurred in the state of Arizona.

6. Plaintiffs were employed by Defendants in this District.

## PARTIES

7. At all relevant times to the matters alleged herein, Plaintiffs resided in the District of Arizona.

8. Plaintiff Shaun Handley has been a full-time employee of Defendants from on or around October 21, 2021, until on or around December 23, 2021.

9. Plaintiff Chance McGaughey has been a full-time employee of Defendants from on or around November 24, 2021, until on or around December 27, 2021.

10. At all relevant times, Plaintiffs were employees of Defendants as defined by 29 U.S.C. § 203(e)(1).

11. At all relevant times, Plaintiffs were employees of Defendants as defined by A.R.S. § 23-350(2).

12. Defendant Revegetation Services is a corporation authorized to do business in Arizona and are Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

13. Defendant Revegetation Services were Plaintiffs' employer as defined by A.R.S. § 23-350(3).

14. Defendant Kurt Anderson is an Arizona resident.

15. Defendant Kurt Anderson has directly caused events to take place giving rise to this action.

16. Defendant Kurt Anderson is an employer of Revegetation Services.

17. Defendant Kurt Anderson is a Director of Revegetation Services.

18. Defendant Kurt Anderson is the President of Revegetation Services.

19. Defendant Kurt Anderson is the CEO of Revegetation Services.

20. Defendant Kurt Anderson has been at all relevant times Plaintiffs' employer as defined by 29 U.S.C. § 203(d).

21. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Kurt Anderson is an employer.

22. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Defendant Kurt Anderson is subject to individual and personal liability under the FLSA.

23. Defendant Amy Anderson is an Arizona resident.

24. Upon reasonable belief, during Plaintiff's employment with Defendants, Defendant Amy Anderson and Defendant Kurt Anderson were legally married.

25. Defendant Amy Anderson and Defendant Kurt Anderson have caused events to take place giving rise to this action as to which their marital community is fully liable.

26. Under the principle of marital community property, all actions by one individual are imputed on the marital community property.

27. Defendant Jake Anderson is an Arizona resident.

28. Defendant Jake Anderson has directly caused events to take place giving rise to this action.

29. Defendant Jake Anderson is a manager of Revegetation Services.

30. Defendant Jake Anderson is an employer of Revegetation Services.

31. Defendant Jake Anderson has been at all relevant times Plaintiff's employer as defined by 29 U.S.C. § 203(d).

32. The FLSA defines "employer" as any individual who acts directly or indirectly in the interest of an employer in relation to an employee. Therefore, under the FLSA, Defendant Jake Anderson is an employer.

33. Defendant Jake Anderson had the authority to hire and fire employees.

34. Defendant Jake Anderson hired Plaintiff Shaun Handley.

35. Defendant Jake Anderson supervised and controlled Plaintiffs' work schedules or the conditions of Plaintiffs' employment.

36. Defendant Jake Anderson would delegate work to Plaintiffs.

37. Defendant Jake Anderson determined the rate and method of Plaintiffs'

payment of wages.

38. Defendant Jake Anderson supervised payroll.

39. As a person who acted in the interest of the previously identified corporate entity in relation to the company's employees, Jake Anderson is subject to individual and personal liability under the FLSA.

40. Defendant Deanna Anderson is an Arizona resident.

41. Upon reasonable belief, during Plaintiff's employment with Defendants, Defendant Deanna Anderson and Defendant Jake Anderson were legally married.

42. Defendant Deanna Anderson and Defendant Jake Anderson have caused events to take place giving rise to this action as to which their marital community is fully liable.

43. Under the principle of marital community property, all actions by one individual are imputed on the marital community property.

44. Plaintiffs are further informed, believe, and thereon allege that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

45. Defendants, and each of them, are sued in both their individual and corporate capacities.

46. Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiffs.

47. Upon reasonable belief, Plaintiffs, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000 in 2021.

48. At all relevant times, Plaintiffs, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

49. At all relevant times, Plaintiffs, in their work for Defendants, were engaged in interstate commerce.

50. Plaintiffs, in their work for Defendants, regularly handled goods produced and transported in interstate commerce.

51. Plaintiff would communicate with Defendants via text messages and telephone.

52. Plaintiffs are covered employees under individual coverage.

53. Plaintiffs are covered employees under enterprise coverage.

## FACTUAL ALLEGATIONS

54. The entity Defendant is a landscaping company.

55. On or around October 21, 2021, Plaintiff Shaun Handley commenced employment with Defendants as an operator.

56. On or around November 24, 2021, Plaintiff Chance McGaughey commenced employment with Defendants as a laborer.

57. Plaintiffs' primary job duties include loading and landscaping.

58. From on or around October 21, 2021, until on or around the end of November 2021, Plaintiff Shaun Handley was a non-exempt employee paid a rate of $20 an hour.

59. From on or around the end of November until on or around December 23, 2021, Plaintiff Shaun Handley was a non-exempt employee paid a rate of $20.96 an hour.

60. From on or around November 24, 2021, until on or around December 27, 2021, Plaintiff Chance McGaughey was a non-exempt employee paid a rate of $18 an hour.

61. Between on or around October 21, 2021, until on or around December 23, 2021, Defendants failed to properly compensate Plaintiff Shaun Handley for all his overtime hours.

62. Between in or around November 24, 2021, until in or around December 27, 2021, Defendants failed to properly compensate Plaintiff Chance McGaughey for all his overtime hours.

63. Plaintiffs routinely worked in excess of 40 hours per week.

64. Plaintiffs were not provided with the required one and one-half times pay premium as required by the FLSA for all their worked overtime hours.

65. For example, the workweek of December 18, 2021, Plaintiff Shaun Handley worked around 49.5 hours and was not paid overtime wages.

66. For example, the workweek of December 13, 2021, Plaintiff Chance McGaughey worked around 43.5 hours and was not paid overtime wages.

67. Plaintiff Shaun Handley worked approximately 28.5 hours of overtime that he was not compensated for.

68. Plaintiff Shaun Handley estimates that he is owed approximately $855 in unpaid overtime.

69. Plaintiff Chance McGaughey worked approximately 10 hours of overtime that he was not compensated for.

70. Plaintiff Chance McGaughey estimates he is owed approximately $270 in unpaid overtime.

71. At all relevant times during Plaintiffs' employment, Defendants failed to properly compensate Plaintiffs for all their overtime hours.

72. Defendants were aware that Plaintiffs' working hours routinely exceeded 40 hours and required them to work overtime as a condition of their employment.

73. Plaintiff Shaun Handley is also owed regular wages in the amount of $1,020.

74. Plaintiff Shaun Handley is also owed $500 in expenses he fronted for his work truck that was supposed to be paid back as wages.

75. Plaintiff Chance McGaughey is also owed regular wages in the amount of $500.

76. Defendants wrongfully withheld wages from Plaintiffs by failing to pay all wages due for overtime hours Plaintiffs worked.

77. Defendants refused and/or failed to properly disclose or apprise Plaintiffs of their rights under the FLSA.

78. Defendants have not kept proper records in violation of 29 C.F.R. § 516.2.

79. Defendants failed to post and keep posted in a conspicuous place the required poster / notice explaining their employee's rights under the FLSA pursuant to 29 C.F.R. § 516.4.

80. Defendants' failure and/or refusal to compensate Plaintiffs at the rates and amounts required by the FLSA were willful.

## COUNT I
**(FAILURE TO PAY OVERTIME WAGES – FLSA – 29 U.S.C. § 207)**

81. Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

82. At all relevant times, Plaintiffs have been employed by Defendants within the meaning of the FLSA.

83. Plaintiffs are employees entitled to the statutorily mandated overtime wages.

84. Defendants have intentionally failed and/or refused to pay Plaintiffs' overtime wages according to the provisions of the FLSA.

85. As a direct result of Defendants' violations of the FLSA, Plaintiffs have suffered damages by not receiving compensation in accordance with 29 U.S.C. § 207.

86. In addition to the amount of unpaid overtime wages owed to Plaintiffs, they are entitled to recover an additional equal amount as liquidated damages pursuant to 29 U.S.C. § 216(b).

87. Defendants' actions in failing to compensate Plaintiffs, in violation of the FLSA, were willful. Defendants knew Plaintiffs were not being compensated overtime for time worked in excess of 40 hours in a given workweek.

88. Defendants have not made a good faith effort to comply with the FLSA.

89. Plaintiffs are also entitled to an award of attorneys' fees and other statutory damages pursuant to 29 U.S.C. § 216(b).

## COUNT II
## (FAILURE TO TIMELY PAGE WAGES DUE – ARIZONA WAGE STATUTE

90. Plaintiffs incorporate by reference all of the above allegations as though fully set forth herein.

91. At all relevant times, Plaintiffs were employed by Defendants within the meaning of the Arizona Wage Statute.

92. Defendants were aware of their obligation to pay timely wages pursuant to A.R.S. § 23-351.

93. Defendants were aware that, under A.R.S. § 23-353, they were obligated to pay all wages due to Plaintiffs.

94. Defendants failed to timely pay Plaintiffs' wages due without a good faith

basis for withholding the wages.

95. Defendants have willfully failed and refused to timely pay wages due to Plaintiffs. As a result of Defendants' unlawful acts, Plaintiffs are entitled to the statutory remedies provided pursuant to A.R.S. § 23-355.

## **CONCLUSION AND PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs pray:

A. For the Court to declare and find that the Defendants committed the following acts:

   i. violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

   ii. willfully violated overtime wage provisions of the FLSA, 29 U.S.C. § 207, by failing to pay overtime;

   iii. willfully violated the Arizona Wage Statute by failing to pay all wages due to Plaintiff;

B. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

C. For the Court to award interest on all wage compensation due accruing from the date such amounts were due under all causes of action set forth herein;

D. For the Court to award such other monetary, injunctive, equitable, and declaratory relief as the Court deems just and proper;

E. For the Court to award Plaintiffs' reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Any other remedies or judgments deemed just and equitable by this Court

**JURY DEMAND**

Plaintiffs hereby demand a trial by jury of all issues so triable.

RESPECTFULLY SUBMITTED January 3, 2022.

**ZOLDAN LAW GROUP, PLLC**

By: /s/ Jason Barrat
5050 N. 40th St., Suite 260
Phoenix, AZ 85018
Attorneys for Plaintiffs

## **VERIFICATION**

Plaintiffs declare under penalty of perjury that they have read the foregoing Verified Complaint and are familiar with the contents thereof. The matters asserted therein are true and based on their personal knowledge, except as to those matters stated upon information and belief, and as to those matters, they believe them to be true.

_____
Shaun Handley


_____
Chance McGaughey

**VERIFICATION**

Plaintiffs declare under penalty of perjury that they have read the foregoing Verified Complaint and are familiar with the contents thereof. The matters asserted therein are true and based on their personal knowledge, except as to those matters stated upon information and belief, and as to those matters, they believe them to be true.

_____
Shaun Handley

_____
Chance McGaughey